OPINION
On April 3, 1999, Dennis Lloyd was killed in a motor vehicle accident. At the time of his death, his mother, appellant, Doris Hoke, was insured by a policy of homeowner's insurance issued by appellee, State Farm Fire Casualty Company, with liability limits of $100,000.
On December 19, 2000, appellant filed a complaint seeking uninsured/underinsured motorist coverage under the policy. Said complaint was amended on March 2, 2001 to add party-defendant State Farm Mutual Automobile Insurance Company. All parties filed motions for summary judgment. By judgment entry filed December 5, 2001, the trial court found in favor of appellees.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I "THE TRIAL COURT ERRED IN FINDING THAT THE HOMEOWNER'S POLICY ISSUED BY DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY DID NOT PROVIDE PLAINTIFF WITH UNINSURED MOTORIST COVERAGE."
 I
Appellant claims the trial court erred in finding her homeowner's policy was not a motor vehicle policy controlled by the mandates of R.C. 3938.17. We disagree.
The relevant liability coverage and exclusions in question are as follows:
"SECTION II LIABILITY COVERAGES
"COVERAGE L — PERSONAL LIABILITY
 "If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
 "1. Pay up to our limit of liability for the damages for which the insured is legally liable;
"SECTION II EXCLUSIONS
"Coverage L and Coverage M do not apply to:
 "e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
 "(2) a motor vehicle owned or operated by or rented or loaned to any insured;
 "This exclusion does not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured."
We have previously addressed this question in Jones, et al. v.Nationwide Insurance Company (July 23, 2001), Stark App. No. 2000CA00329, Cox, et al. v. Nationwide Insurance Company (May 10, 2002), Richland App. No. 01CA97, and Mattox, et al. v. Allstate InsuranceCompany (March 25, 2002), Stark App. No. 2001CA00218. In the above cited cases, we found the residence employee provision could not be construed to a policy subject to R.C. 3937.18.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By FARMER, J. and BOGGINS, J. concur. HOFFMAN, P.J. dissents.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.